CHAMBERS OF
PAUL W. GRIMM
CHIEF UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

September 1, 2010

William Nicoll, Esq.
Jenkins, Block & Assocs. P.C.
1040 Park Avenue
Baltimore, MD 21201

Allen F. Loucks, AUSA
36 South Charles Street
4th Floor
Baltimore, MD  21201

> **Re: William Ellis v. Michael J. Astrue, Commissioner of
> Social Security, PWG-08-746**

Dear Counsel:

Pending before this Court, by the parties' consent, are
Cross-Motions for Summary Judgment concerning the Commissioner's
decision denying Mr. Ellis' claims for Disability Insurance
Benefits ("DIB") and Supplemental Security Income ("SSI").
(Papers No. 8, 22, 48). The Claimant also filed a response to
Defendant's Motion. (Paper No. 50). This Court must uphold the
Commissioner's decision if it is supported by substantial
evidence and if proper legal standards were employed. 42 U.S.C.
§ 405(g); *Craig v. Chater,* 76 F.3d 585, 589 (4th Cir. 1996);
*Coffman v. Bowen,* 829 F.2d 514, 517 (4th Cir. 1987).  A hearing
is unnecessary.  Local Rule 105.6.  For the reasons that follow,
this Court **DENIES** the Plaintiff's Motion and **GRANTS** the
Commissioner's Motion.

Mr. Ellis (sometimes referred to as "Claimant") filed
applications for DIB and SSI on June 21, 2004, alleging that he
became disabled on May 1, 2004, due to "cervical hnp",
degenerative disc disease with radiculopathy, right ulnar
neuropathy, obstructive airway disease, and loss of his right
eye.(Tr. 18, 63, 93).  After his claims were denied initially,
and on reconsideration, a hearing was held before an
Administrative Law Judge ("ALJ"), the Honorable Judith A.
Showalter on January 18, 2006. (Tr. 28-37,437-486).  In a
decision dated June 22, 2006, the ALJ found that although his

degenerative disc disease with radiculopathy, right ulnar
neuropathy, obstructive airway disease, tobacco abuse, and loss
of his right eye were "severe impairments", they did not meet or
medically equal a listed impairment. The ALJ found that Claimant
retained the residual functional capacity ("RFC") to perform a
range of sedentary work.  Based on his RFC, the ALJ found
Claimant was not able to perform any of his past relevant work
("PRW") as a furniture assembler, warehouse laborer, or tow
truck driver.  After receiving testimony from a vocational
expert ("VE") through a series of post hearing written
interrogatories, the ALJ found there were jobs available in
significant numbers which Claimant could perform.(Tr. 487-500).
Accordingly, the ALJ denied Mr. Ellis' claims. (Tr. 16-25).  On
February 7, 2008, the Appeals Council denied Ms. Ellis' request
for review, making the ALJ's decision the final, reviewable
decision of the Commissioner. (Tr. 7-9).  This appeal followed.

    The Commissioner's decision must be upheld if supported by
substantial evidence which is more than a scintilla, but less
than a preponderance, and sufficient to support a conclusion in
a reasonable mind. *See* 42 U.S.C. §405(g) (1998); see also *King
v. Califano*, 599 F.2d 597 (4th Cir. 1979); *Teague v. Califano*,
560 F.2d 615 (4th Cir. 1977); *Laws v. Celebrezze*, 368 F.2d 640
(4th Cir. 1966). This Court may not weigh conflicting evidence,
determine credibility, or substitute its judgment for the
Commissioner's. *See Hays v. Sullivan,* 907 F.2d 1453, 1456(4th
Cir. 1990).  Although deferential, this standard of review does
not require acceptance of a determination by the Commissioner
which applies an improper standard, or misapplies the law.
*See Coffman v. Bowen*, 829 F.2d 514,517 (4th Cir. 1987).
Following its review this Court may affirm, modify or reverse
the Commissioner, with or without a remand. *See* 42
U.S.C.§405(g);*Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

    Claimant presents several arguments in support of his
contention that the ALJ's decision is not supported by
substantial evidence.  For the reasons that follow, I disagree
and will AFFIRM the ALJ's decision.

    First, Claimant argues that ALJ erred by ordering a post-
hearing consultative examination ("CE") and by submitting post-
hearing interrogatories to the vocational expert ("VE").
However, both of these procedures are appropriate within the
context of the Commissioner's Rules and Regulations, and after
review of the entire record in this case there is simply no
evidence that the ALJ's actions were adversarial, "procedurally

brutal" or "constitutionally inform"[sic], as the Claimant alleges. *See* Paper No. 22, p.3.

The ALJ has a duty adequately to develop the record on all relevant facts and issues before making a final decision. *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986). The ALJ is vested with discretionary power in determining whether a consultative examination is necessary. 20 C.F.R. §404.1519a(b) sets forth the standard when it may be appropriate for a CE to be ordered: "when the evidence as a whole, both medical and nonmedical is not sufficient to support a decision on your claim." Claimant now argues that his then counsel objected to the CE. *See* Paper No. 22, p.4. However, the record reflects a different story. The ALJ stated that she was going to have a physical CE ordered for Mr. Ellis, and Claimant's then counsel responded, "we would certainly welcome that." (Tr. 444).

Claimant was examined by Dr. Mohammad Zamani who issued a report on February 27, 2006. (Tr. 19, 390-391). Dr. Zamani stated, among other things, that Mr. Ellis had full range of motion in his neck, shoulders, elbows and wrists. He also stated that he had diminished range of motion in his back, but noted no loss of strength, reflexes, or sensation. (Tr. Id.). Although counsel disagreed with Dr. Zamani's findings, there is no basis to find that the CE was ordered by the ALJ in order to "thwart Mr. Ellis claim" or to simply "contradict Dr. Greco's opinions" as Claimant alleges. Rather, in ultimately discounting the treating physician's opinions that Mr. Ellis was "completely disabled" for an "indefinite period[1]", the ALJ discussed the inconsistencies in these opinions and the treating physician's own treatment records. The ALJ also noted the discrepancy between Dr. Greco's opinions and another treating physician, Dr. Dayton Jones, who stated that Claimant was actually able to perform light work. (Tr. 182-185, 401-404). A treating physician's opinion is given controlling weight when two conditions are met 1) it is well-supported by medically acceptable clinical laboratory diagnostic techniques and 2) it is consistent with other substantial evidence in the record. *See Craig v. Chater,* 76 F.3d 585 (4th Cir. 1996); *see also* 20 CFR §416.927(d)(2). While treating source opinions on issues reserved to the Commissioner --such as determining a Claimant's RFC--are not entitled to controlling weight, the ALJ must still evaluate all of the evidence in the case record to determine the extent to which the physician's opinion is supported by the

---

[1] Dr. Greco's reports do not cite any specific limitations. (Tr. 182-185, 401-404).

record as a whole. In this case, I find that the ALJ fulfilled this duty.  Accordingly, I fail to find there is any basis that ordering a CE was improper as argued by Claimant's counsel.

Mr. Ellis also argues that the post hearing interrogatories to the VE were inconsistent with the ALJ's determination of his RFC for sedentary work, and that the ALJ ignored the VE responses to Claimant's counsel which indicated no work available for a hypothetical individual.  For the reasons that follow, I find his arguments without merit.

"In order for a vocational expert's opinion to be relevant or helpful . . . it must be in response to proper hypothetical questions which fairly set out all of [a] claimant's impairments." *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989). In posing a hypothetical, an ALJ has the authority to decide the existence and extent of impairments that will make up the hypothetical and has wide latitude in phrasing the hypothetical so long as it is supported by substantial evidence.  *Id*.  An ALJ must ensure that a hypothetical to a vocational expert ("VE") includes those impairments that are supported by the factual record in the case.  *See Miller v. Callahan*, 961 F. Supp. 939, 955 (D. Md. 1997); *citing Walker v. Bowen*, 889 F.2d 47, 50-51 (4th Cir. 1989).  Contrary to Claimant's argument that there was no testimony from the VE that a person with monocular vision could perform sedentary work, in her written interrogatories, ALJ Showalter asked the VE whether she could identify both light **and sedentary** jobs for one who was limited to occasional posturals and **vision in only one eye and therefore has limited depth perception**. (Tr. 492-493)(emphasis added).

Finally, Claimant's argument that the ALJ decision never acknowledged the presence of the VE's responses to previous counsel's interrogatories which eliminated all hypothetical work is without merit. In her decision, the ALJ clearly acknowledged the VE's answers to Claimant's counsel's interrogatories and discussed her reason for rejecting that portion of the VE's testimony.  She explained that the limitations presented in the hypothetical were not supported by the evidence as a whole. (Tr. 24). After reviewing all the records in this case, I agree with the ALJ's finding that these limitations are not supported by any of the treating, reviewing, or examining physicians' records[2]. (Tr. 412)

---

[2] For example, the VE was asked to consider a hypothetical individual who cannot walk more than six minutes, needs assistance walking upstairs, can only stand for five minutes, and can only sit for ten minutes at a time. He

Therefore, I am **DENYING** Plaintiff's Motion for Summary Judgment, and **GRANTING** Defendant's Motion for Summary Judgment. A separate Order shall issue.

DATED: 9/1/10                    _____/s/_____
                                 Paul W. Grimm
                                 United States Magistrate Judge

---

spends most of his day lying flat on the floor. He takes hydrocodone and fetanyl 75mgs. Every four to six hours in order to manage his pain. (Tr. 497).